LOTTINGER, Judge.
This is an expropriation suit which presents for determination the question of the fair market value of a family home situated at 92S Convention Street in the City of Baton Rouge. Contemporaneously with the taking, the State deposited in the registry of the lower court the sum of $46,-100.00. Following trial on uie merits judgment was rendered in favor of Mrs. Taylor in the sum of $16,900.00, being the difference between the fair market value found by the court in the amount of $63,000.00 and the amount originally deposited. The State has appealed. The defendant has neither appealed nor answered the appeal.
Mr. Lowell M. Roseman, realtor who testified on behalf of the State, placed a value of $28,600.00 on the land and $17,471.00 on the improvements. Mr. George B. Dean, expert called by the defendant, placed a valuation of $46,000.00 on the land, with a total value of land and improvements of $64,450.00. Mr. Alvin K. Seago, the other expert called by the defendant, placed a valuation of $55,000.00 on the land alone, with a total valuation of $62,000.00.
It would serve no useful purpose to go into a detailed discussion of the testimony of the experts. Suffice it to state that the witnesses for the defendant arrived at their conclusions primarily on the basis of five “comparables” within the immediate vicinity of the expropriated property. The expert for the State, with one exception, ignored these sales and arrived at his conclusion on the basis of transactions concerning property situated over a mile from the subject property, and which were in different zoning classifications. The trial judge concluded, and correctly so we think, that the comparables selected by the defendant’s witnesses were entitled to more weight than those cited by the State and placed a value of $46,000.00 on the land. In arriving at the valuation on the improvements the trial judge used the testimony of the State’s own witness and concluded that they were worth $17,000.00. Certainly, the State cannot complain as to this item.
Finally, counsel for the State objects to the award of expert witnesses fees as “damages”. Such, however, is simply not the case as a reading of the judgment appealed from shows that these fees were taxed as costs and consequently the State has no ground for complaint.
There is no manifest error in the judgment appealed from and the same is therefore affirmed.
Judgment affirmed.